SINNOTT, Respondent, v. COLONIAL BANK, Appellant. (Supreme Court, Appellate Term. May, 1902.) Action by Thomas P. Sinnott against the Colonial Bank. Miller, Decker & Miller, for appellant. John M. Gardner, for respondent.

FREEDMAN, P. J. The complaint shows that the action is brought by the plaintiff, as a depositor in the defendant bank, to recover from defendant a balance of $426.77 not drawn out by plaintiff's check or order; that the defendant refused to pay the same on the ground that it paid a promissory note made and delivered to plaintiff by Johnston & Oswald for the same amount; but that such payment was made after and against the express instruction by the plaintiff to the defendant not to pay said note. The answer contains no denial of any substantial allegation of the complaint, and alleges that Johnston & Oswald indorsed and for value delivered the note in question to the Western National Bank; that the latter for value and before maturity duly indorsed and delivered it to the Washington Bank of New York City; that said Washington Bank presented said note at maturity to the defendant for payment, and received from the defendant full payment thereof; that thereupon the note was delivered to the defendant, and charged to plaintiff's account, and delivered by the defendant to the plaintiff, who, after the commencement of this action, returned it to the defendant. After alleging other matters not necessary to be detailed, the answer concludes as follows, viz.: "And this defendant herein claims and demands that the amount of said note, with interest, shall be deemed an offset for the amount of plaintiff's claim, or a counterclaim against his claim, as the court shall determine the facts. Wherefore this defendant demands judgment of dismissal of the complaint and for such difference of interest as may appear, together with the costs of this action." The plaintiff demurred to the an-

swer on the sole ground "that it is insufficient in law to constitute a defense." Conceding that this demurrer would be tenable if the facts set forth in the answer had been pleaded as a defense to the cause of action contained in the complaint, the difficulty remains that they were not pleaded for any such purpose, but as an offset or a counterclaim, and no demurrer to the sufficiency of the answer in any such aspect was taken. The demurrer being insufficient to call for a determination of the sufficiency of the offset or counterclaim pleaded, and the answer not having been interposed as a defense, the judgment upon the demurrer cannot be sustained.

The judgment and order appealed from must be reversed with costs, with leave to plaintiff, upon payment of such costs, to serve a reply, if so advised. Judgment and order reversed, with costs, with leave to plaintiff, upon payment of costs, to serve a reply.

GILDERSLEEVE, J., concurs.

TRUAX, J. I concur in the result. I cannot concede that this demurrer would be tenable if the facts set forth in the answer had been pleaded as a defense to the cause of action set up in the complaint. See Coykendall v. Constable, 99 N. Y. 309, 1 N. E. 884.